USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/5/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

                  Petitioners,

v.

PICCINI MNM, INC.,

                  Respondent.

No. 19-CV-5258 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor-Management Corporation, and the New York City District Council of Carpenters (collectively, "Petitioners") seek confirmation of an arbitration award against Respondent Piccini MNM, Inc. Respondent did not oppose the petition. For the reasons set forth below, the petition is granted.

# BACKGROUND[1]

There are four Petitioners in this action. First are Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund, a group of employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"). Pet. ¶ 4. Second are Trustees of the New York City District Council of Carpenters Relief and Charity Fund, a charitable organization established under Section 501(c)(3) of the Internal Revenue Code. *Id.* ¶ 5. Third is New York City and Vicinity Carpenters Labor-Management Corporation, a New York not-for-profit corporation. *Id.* ¶ 6. These three entities are referred to as the "Funds." Fourth is the New York City District Council of Carpenters (the "Union"), a labor union. *Id.* ¶ 7. Respondent Piccini MNM, Inc. is a New York corporation. *Id.* ¶ 8.

Through its membership in the Association of Wall Ceiling and Carpentry Industries of New York, Inc. (the "AWCC"), Respondent entered into a collective bargaining agreement the Union on or about July 1, 2011. *Id.* ¶¶ 9-10, Ex. B ("CBA"). The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union and to make its books and records available for audit. *Id.* ¶ 13; CBA art. XVI, § 1(a). The CBA further provides that either party may seek to arbitrate disputes or disagreements concerning payments to the Funds before an impartial arbitrator. *See* CBA art. XVI, § 12.

---

[1] The Court draws the following facts from the Petition and the exhibits thereto.

The CBA binds employers to the Funds' Collection Policy, pursuant to which the Funds "shall determine the estimated amount of the employer's delinquent contributions." Pet. ¶ 18. In the event that the Funds initiate a dispute over unpaid contributions, the CBA entitles the funds to collect "(1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies." Pet. ¶ 19; *see also id.* Ex. C ("Funds' Collection Policy") § V.

The instant dispute arose when Respondent failed to comply with an audit. *Id.* ¶ 20. Estimating the amount owed to be $417,754.20, Petitioners initiated arbitration before the designated arbitrator. *Id.* ¶¶ 20-21. Respondent, despite having been served with a notice of hearing, did not appear at the arbitration proceedings. *See id.* Ex. E ("Award") at 2. The arbitrator found that Respondent violated the CBA and ordered Respondent to pay the Funds the sum of $542,478.45 in delinquent principal payments, interest, liquidated damages and fees and costs. *Id.* ¶ 22. Respondent has failed to comply with the Award. *Id.* ¶ 25.

On June 4, 2019, Petitioner brought this petition, seeking an order confirming the award and granting judgment in the amount of $542,478.45 plus interest, attorneys' fees, and costs. *Id.* at 7. The Court directed Respond to file any opposition by November 20, 2019. Dkt. 11. Respondent has not submitted any response to the petition.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration and internal quotation marks omitted). Under the Federal Arbitration Act ("FAA"), any party to an arbitration proceeding may apply for a judicial decree confirming

3

the award, which a court "must grant . . . unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "'Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Seneca Nation of Indians v. New York*, 988 F.3d 618, 625 (2d Cir. 2021) (quoting *D.H Blair & Co.*, 462 F.3d at 110). Because "[a]rbitration panel determinations are generally accorded great deference under the FAA," a "court is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached." *Leeward Constr. Co. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (internal quotation marks omitted).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment, which "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *See D.H. Blair & Co.*, 462 F.3d at 109-10 (internal quotation marks omitted). Accordingly, the Court may not grant an unopposed petition to confirm an arbitral award "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

**DISCUSSION**

Petitioners argue that they are entitled to confirmation of the arbitration award, post-judgment interest, attorney's fees, and costs. The Court agrees.

**I. Confirmation of the Arbitration Award**

On the basis of Petitioner's submissions, the Court finds that Petitioners have demonstrated entitlement to confirmation of the arbitration award as a matter of law.

First, Petitioners have presented undisputed evidence that the parties agreed to arbitrate the claim brought here. The CBA, which binds Respondent as a member of signatory AWCC, *see*

4

Pet. Ex. A, provides in relevant part:

> Should any dispute or disagreement arise between the parties hereto, or between the Union and any signatory Employer-member, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator . . . .

CBA art. XVI, § 12. The instant dispute arose when Respondent failed to comply with an audit of benefit-fund contributions, as required by Article XVI of the CBA. *See* Pet. ¶¶ 14, 20; CBA art. XVI, § 1(a). This dispute is plainly within the scope of the CBA's broadly worded arbitration provision. *See* CBA art. XVI, § 12.

Second, there is no dispute that the arbitrator acted within the scope of his authority. Pursuant to the CBA, the arbitrator "shall have full and complete authority to decide any and all issues" raised by a party in a notice of intent to arbitrate and "to fashion an appropriate remedy including, but not limited to, monetary damages." *Id*. Petitioners have submitted undisputed evidence, including the CBA and the Award itself, that the arbitrator's remedy was appropriate under the terms of the CBA. Where, as here, an employer refuses to comply with audit procedures, the Funds Collection Policy—which is incorporated in the CBA—empowers the Funds to estimate the amount of an employer's delinquent contributions, which "shall constitute presumptive evidence of delinquency." Funds' Collection Policy art. IV, § 12. The Funds estimated the amount owed at $417,754.20, and the arbitrator rendered his award based on that amount. Pet. ¶¶ 20, 22; Award at 2-3. Lastly, it is undisputed that the arbitrator's remedy was appropriate, because monetary damages, interest, fees, and costs are specifically identified as forms of relief available under the CBA. CBA art. XVI, § 11(b).

In sum, the evidence submitted by Petitioners satisfies their burden of demonstrating entitlement to judgment as a matter of law. *See D.H. Blair*, 462 F.3d at 110. Accordingly, the Court confirms the Award in favor of Petitioners.

## II. Attorneys' Fees and Costs

### A. Entitlement to Fees

Petitioners seek attorneys' fees and costs incurred in bringing this petition. Pet. Mem. at 5. "Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Mountaintop Cabinet Mfr. Corp.*, No. 11-CV-8075 (JMF), 2012 WL 3756279, at *5 (S.D.N.Y. Aug. 29, 2012) (collecting cases). Petitioners argue that Section 502(g) of ERISA, 29 U.S.C. § 1132(g), mandates an award of attorneys' fees and costs "where, as here, multiemployer trust funds covered by ERISA initiate an action to recover delinquent contributions pursuant to a collective bargaining agreement." Pet. Mem. at 5. As this Court has previously noted, however, that provision "'does not necessarily mean that a successful party is also entitled to its costs and attorney's fees in bringing a petition to confirm an arbitration award.'" *Trs. of NYC Dist. Council of Carpenters Pension Fund v. Jessica Rose Enterprises Corp.*, No. 15-CV-9040 (RA), 2016 WL 6952345, at *4 (S.D.N.Y. Nov. 28, 2016) (quoting *Mountaintop Cabinet Mfr. Corp.*, 2012 WL 3756279, at *5).

The Court may nonetheless exercise its inherent equitable powers "to award attorney's fees to the prevailing party when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (internal quotation marks omitted). In the context of a petition to confirm an arbitration award, "the guiding principle" is that attorneys' fees may properly be awarded "when a challenger refuses to abide by an arbitrator's decision without justification." *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227*

6

*v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985). In this instance, Respondent agreed to submit all disputes relating to Fund payments to arbitration, yet failed to appear at either the arbitration or these confirmation proceedings. Respondent has provided no justification for its absence nor has it shown cause for its failure to abide by the arbitral award. Attorneys' fees are thus appropriate in this case. *See, e.g., New York City Dist. Council of Carpenters v. Galt Installations LLC*, No. 18 Civ. 7103 (ER), 2020 WL 2836480, at *5 (S.D.N.Y. May 29, 2020) ("'Courts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.'" (quoting *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013))).

### B. Reasonableness of Fees

Petitioners seek $770.00 in attorneys' fees, corresponding to 2.8 hours of work. Pet. ¶ 34. Counsel, from the firm of Virginia & Ambinder, has submitted contemporaneous time records that reflect the tasks performed and time spent bringing this petition. *See* Pet. ¶¶ 30-33, Ex. F. According to the invoice, the firm billed the time of Nicole Marimon, a partner who graduated from law school in 2014, and Adrianna Grancio, an associate who graduated from law school in 2016, at the same rate, $275 an hour. Pet. Ex. F; *id.* ¶¶ 30-31.

Generally, courts determine the amount of an attorneys' fee award by multiplying a reasonable hourly rate by the reasonable hours expended. *See Lilly v. City of New York*, 934 F.3d 222, 229 (2d Cir. 2019). District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). The Court's analysis is guided by the market rate "'prevailing in the

community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)).

Although the Court finds Ms. Marimon's proposed billing rate consonant with other awards issued to partners at Virginia & Ambinder engaged in similar litigation, it will reduce the proposed billing rate of Ms. Grancio. Other courts in this district have concluded that $225 an hour is an appropriate rate for associates of similar experience in ERISA matters. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Exposition Servs., Inc*., No. 19-cv-149 (AJN), 2019 WL 2004279, at *4 (S.D.N.Y. May 7, 2019) (collecting cases).

Accordingly, Petitioners' request for attorneys' fees is granted at the rate of $275 per hour for Ms. Marimon and $225 per hour for Ms. Grancio. With respect to the amount of hours billed, the Court has examined the submitted invoice and finds that the hours expended were reasonable. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc*., No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (explaining that an invoice "reflects sound billing practices" when "[i]t is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort"). The Court thus grants attorneys' fees in the amount of $675, as well as the request for $75 in service fees associated with the filing of this petition, Pet. ¶ 35, as is "standard . . . in actions brought before this Court," *Metro. Exposition Servs., Inc*., 2019 WL 2004279, at *4.

### III. Post-Judgment Interest

Lastly, Petitioners seek "post-judgment interest at the statutory rate." Pet. Mem. at 7. Post-judgment interest is mandatory for civil money judgments recovered in federal district court

pursuant to 28 U.S.C. § 1961(a). *See Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004). The Court thus grants Petitioner's request, and post-judgment interest "shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. The Clerk of Court is respectfully directed to enter judgment in the amount of $542,478.45, plus pre-judgment interest calculated at a rate of 7.25% per annum from the date of the award, April 8, 2019, through the date of judgment in this action. Petitioners' requests for attorneys' fees in the amount of $675, costs in the amount of $75, and post-judgment interest at the statutory rate are also granted.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: May 5, 2021
        New York, New York

_____
Ronnie Abrams
United States District Judge